UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN LEOPOLDO FIORILLA, AS TRUSTEE FBO JOHN LEOPOLDO FIORILLA TRUST U/A/D 06-25-2003 AND IN HIS INDIVIDUAL CAPACITY,<br><br>                    Plaintiff,<br><br>            v.<br><br>CITIGROUP GLOBAL MARKETS, INC. and EDWARD JAMES MULCAHY, JR.,<br><br>                    Defendants. | No. 17 Civ. 5123 (PKC) |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS CITIGROUP GLOBAL MARKETS, INC. AND EDWARD JAMES MULCAHY, JR.'S <u>MOTION TO DISMISS THE SECOND AMENDED COMPLAINT</u>

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

Audra J. Soloway
Jeffrey Newton
Stephen B. Popernik
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone: 212-373-3000
Facsimile:  212-757-3990

*Attorneys for Defendants Citigroup Global Markets, Inc. and Edward James Mulcahy, Jr.*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT .......................................................................................................... 1

ARGUMENT ....................................................................................................................................... 1

I.     Fiorilla Cannot Evade *Rooker-Feldman* and *Res Judicata* by Claiming, Four Years Into the Litigation, That the New York Courts Lacked Subject Matter Jurisdiction. ............................................................................................................................ 1

II.    Fiorilla's Claim of Fraud Has Already Been Litigated in State Court, and Does Not Supply a Basis to End-Run *Rooker-Feldman* or *Res Judicata*. ................................... 5

III.   Fiorilla's Challenge to the Anti-Suit Injunction Is Similarly Barred and Meritless. .......... 7

IV.   Fiorilla Lacks Standing to Sue As a Beneficiary, And Even If He Had Standing, His Claims Would Still Be Barred By *Rooker-Feldman* and *Res Judicata*. ....................... 8

CONCLUSION .................................................................................................................................. 10

# TABLE OF AUTHORITIES
**Page(s)**

**CASES**

*Adames* v. *Fagundo*,
  198 F. App'x 20 (1st Cir. 2006) ............................................................................................. 2

*Arkansas Chronicle* v. *Easley*,
  321 F. Supp. 2d 776 (E.D. Va. 2004) ..................................................................................... 3

*Bikman* v. *Fisher*,
  316 F. App'x 13 (2d Cir. 2009) .............................................................................................. 2

*CFIP Master Fund Ltd.* v. *Citibank, N.A.*,
  738 F. Supp. 2d 450 (S.D.N.Y. 2010) .................................................................................... 8

*Citigroup Glob. Markets, Inc.* v. *Fiorilla*,
  151 A.D.3d 665 (1st Dep't 2017) ........................................................................................... 7

*Doe* v. *Mann*,
  415 F.3d 1038 (9th Cir. 2005) ............................................................................................... 2

*GE Oil & Gas, Inc.* v. *Turbine Generation Servs., L.L.C.*,
  No. 652296/2015, 2016 WL 3043808 (Sup. Ct. N.Y. Cnty. May 27, 2016) ........................... 7

*Glatzer* v. *Barone*,
  614 F. Supp. 2d 450 (S.D.N.Y. 2009) .................................................................................. 10

*Houston* v. *Venneta Queen*,
  606 F. App'x 725 (5th Cir. 2015) ........................................................................................... 2

*Ins. Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*,
  456 U.S. 694 (1982) ............................................................................................................... 3

*International Securities Exchange, LLC* v. *S & P Dow Jones Indices, LLC*,
  987 F. Supp. 2d 428 (S.D.N.Y. 2013) .................................................................................... 3

*Morgenthau* v. *Avion Res. Ltd.*,
  11 N.Y.3d 383 (2008) ............................................................................................................ 8

*Morrison* v. *National Australia Bank Ltd.*,
  561 U.S. 247 (2010) ............................................................................................................... 4

*Natusch* v. *Nibert*,
  No. 16 Civ. 81, 2017 WL 1155375 (N.D. W. Va. Mar. 28, 2017) .......................................... 3

*Noveletsky* v. *Metro. Life Ins. Co.*,
  No. 12 Civ. 0021, 2013 WL 2945058 (D. Me. June 14, 2013) .............................................. 9

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Pentagen Techs. Int'l Ltd.* v. *CACI Int'l, Inc.*,
  282 F. App'x 32 (2d Cir. 2008) ............................................................................................. 7

*People* v. *Pimentel*,
  149 A.D.3d 505 (1st Dep't 2017) ........................................................................................... 4

*Reguli* v. *Guffee*,
  371 F. App'x 590 (6th Cir. 2010) ........................................................................................... 2

*Shaw Family Archives Ltd.* v. *CMG Worldwide, Inc.*,
  No. 05 Civ. 3939, 2008 WL 4127830 (S.D.N.Y. Sept. 2, 2008) .......................................... 10

*In re Siskin*,
  258 B.R. 554 (Bankr. E.D.N.Y. 2001) .................................................................................... 2

*In re Smith*,
  287 F. App'x 683 (10th Cir. 2008) ......................................................................................... 2

*Tone* v. *Studin*,
  148 A.D.3d 1205 (2d Dep't 2017) ........................................................................................... 4

*Vaden* v. *Discover Bank*,
  556 U.S. 49 (2009) .............................................................................................................. 2, 4

**STATUTES**

9 U.S.C. § 11 ............................................................................................................................. 5

28 U.S.C. § 2254 ....................................................................................................................... 2

Federal Arbitration Act ......................................................................................................... 2, 4

**OTHER AUTHORITIES**

CPLR § 7511 .......................................................................................................................... 4, 5

New York Const. art. VI § 7.a .............................................................................................. 4, 7

Defendants Citigroup Global Markets, Inc. ("CGMI") and Edward James Mulcahy, Jr. (together, "Citi") respectfully submit this reply memorandum of law in further support of their motion to dismiss plaintiff Fiorilla's Second Amended Complaint.

## PRELIMINARY STATEMENT

In his opposition brief, Fiorilla asks this Court to rescue his frivolous lawsuit by declining to apply the well-established principles of *Rooker-Feldman* and *res judicata* to the final state court judgments against him. He does not dispute the application of these doctrines; in fact, he does not refute Citi's showing that the *prima facie* elements of the *Rooker-Feldman* bar are established with respect to his Second Amended Complaint, nor does he contest that Citi has demonstrated that the ordinary application of *res judicata* bars his claims. Instead, Fiorilla urges this Court to create purported exceptions to *Rooker-Feldman* and *res judicata* that would apply (1) where a state judgment is "void ab initio" for lack of subject matter jurisdiction, and (2) where a state judgment was purportedly procured by fraud. Both arguments are unsupported by any authority, and Fiorilla does not offer any remotely compelling reason to modify the law on the facts here.

## ARGUMENT

**I.      Fiorilla Cannot Evade *Rooker-Feldman* and *Res Judicata* by Claiming, Four Years Into the Litigation, That the New York Courts Lacked Subject Matter Jurisdiction.**

Fiorilla now argues that New York's courts—which have presided over this dispute since 2013 and issued multiple rulings—lack subject matter jurisdiction. There are (at least) three reasons why Fiorilla's eleventh-hour questioning of the New York courts' subject matter jurisdiction falls flat:

*First*, as Citi demonstrated in its opening brief, there is no recognized "void ab initio" exception to the application of *Rooker-Feldman*. While exceptions exist in the context of

bankruptcy and *habeas corpus*, (Br. 15,) those exceptions are very narrow and make sense only in those narrow contexts. In particular, federal courts have *exclusive* jurisdiction over bankruptcy matters, and federal statute (28 U.S.C. § 2254) "expressly permits federal review of final state court judgments" in *habeas* proceedings. *In re Siskin*, 258 B.R. 554, 561 (Bankr. E.D.N.Y. 2001). But the Federal Arbitration Act—which Fiorilla cites in claiming the New York courts overstepped their authority—is not the sort of exclusively federal turf that can overcome the principles of federalism embodied in *Rooker-Feldman*. To the contrary, as Citi established in its opening brief, and Fiorilla made no effort to dispute, "[g]iven the substantive supremacy of the FAA, but the Act's nonjurisdictional cast, state courts have a prominent role to play" in applying the Federal Arbitration Act. *Vaden* v. *Discover Bank*, 556 U.S. 49, 59 (2009). New York's courts are in no way precluded from applying the FAA, nor does any statute grant federal district courts authority to review New York courts' application of that statute. The principles animating the exceptions to *Rooker-Feldman* thus do not apply here.

That is presumably why, contrary to Fiorilla's position, numerous courts have held that, outside the bankruptcy or *habeas* context, a federal plaintiff may not evade *Rooker-Feldman* by claiming a state court lacked jurisdiction. *See, e.g.*, *Bikman* v. *Fisher*, 316 F. App'x 13, 14 (2d Cir. 2009) (summary order) (affirming dismissal on *Rooker-Feldman* grounds, reasoning that "[w]hether the Housing Court had jurisdiction to enter the judgment was an argument that Appellant should have presented on appeal to the Appellate Division, and she has provided no explanation for why the argument was not presented at that time.").[1]

---

[1] *See also, e.g.*, *Houston* v. *Venneta Queen*, 606 F. App'x 725, 733 (5th Cir. 2015); *Reguli* v. *Guffee*, 371 F. App'x 590, 597 (6th Cir. 2010) ("Even if issued without jurisdiction, the order was still issued by a state court, and *Rooker-Feldman* bars a federal court from reviewing the constitutionality of that order."); *In re Smith*, 287 F. App'x 683, 685 (10th Cir. 2008) (rejecting "the proposition that there is a general exception to *Rooker-Feldman* when the state court is alleged to have acted without jurisdiction."); *Adames* v. *Fagundo*, 198 F. App'x 20, 22 (1st Cir. 2006); *Doe* v. *Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment.").

The only authority Fiorilla presents in support of his argument is the out-of-Circuit decision in *Arkansas Chronicle* v. *Easley*, 321 F. Supp. 2d 776 (E.D. Va. 2004). *Easley* bears no resemblance to this case. There, the court declined to apply *Rooker-Feldman* to bar a challenge to an Oklahoma state court order quashing a subpoena issued in Virginia for a search that occurred in Virginia. *Id.* at 788-89. Besides being factually inapposite and in conflict with this Circuit's precedent, the *Easley* decision was later vacated (on other grounds) by the Fourth Circuit, 183 F. App'x 300 (4th Cir. 2006), and, notably, does not appear to have ever been followed by any court anywhere, much less any court in this Circuit. *See, e.g.*, *Natusch* v. *Nibert*, No. 16 Civ. 81, 2017 WL 1155375, at *5 (N.D. W. Va. Mar. 28, 2017) (referencing *Easley* and declining to recognize any "void ab initio" exception to *Rooker-Feldman* beyond the bankruptcy context). Simply put, Fiorilla cannot escape application of *Rooker-Feldman* by claiming after four years of litigation that the New York courts lacked jurisdiction.

*Second*, even if there were some doubt about the New York courts' jurisdiction (there is not), and even if Fiorilla's purported exception applied (it does not), the litigation of whether the New York courts had jurisdiction is itself barred by *res judicata*. As the U.S. Supreme Court has explained, "[a] party that has had an opportunity to litigate the question of subject-matter jurisdiction may not . . . reopen that question in a collateral attack upon an adverse judgment. It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal." *Ins. Corp. of Ireland, Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n.9 (1982). "This rule, of course, applies whether the prior court's decision was correct or not." *International Securities Exchange, LLC* v. *S & P Dow Jones Indices, LLC*, 987 F. Supp. 2d 428, 435 (S.D.N.Y. 2013) (quotation omitted). Fiorilla has *twice* litigated the vacatur of his arbitration award to the highest court in New York, and has availed himself of all

3

appellate options in connection with the anti-suit injunction.  Having failed to challenge the New York courts' subject matter jurisdiction in any of his prior appeals, he may not collaterally attack that jurisdiction in this forum.

*Third,* even if *Rooker-Feldman* did provide an exception and *res judicata* did not apply, Fiorilla's argument would still fail because the state court clearly had jurisdiction over this dispute.  While Fiorilla complains about what the New York courts *did* with their jurisdiction, he does not demonstrate that the courts of New York lacked power to *hear the case at all*.  Nor could he.  "[S]ubject-matter jurisdiction refers to a tribunal's power to hear a case." *Morrison* v. *National Australia Bank Ltd.*, 561 U.S. 247, 254 (2010) (quotation omitted).  New York's constitution confers broad jurisdiction on the New York Supreme Court, which "shall have general original jurisdiction in law and equity . . . ." New York Const. art. VI § 7.a.  Disputes that implicate the Federal Arbitration Act—which Fiorilla claims the New York courts did not correctly apply—are routinely and properly brought in state courts.  *See Vaden*, 556 U.S. at 59.

At most, Fiorilla's argument boils down to the claim that New York's CPLR § 7511, as applied to this case, is preempted by the FAA.  But that does not help him either, since the Supremacy Clause requires state courts to recognize preemption wherever it may arise, and our federal system entrusts state courts with the authority to undertake that analysis themselves. *See, e.g.*, *People* v. *Pimentel*, 149 A.D.3d 505, 506 (1st Dep't 2017) (analyzing whether criminal statute was preempted by federal terrorism laws); *Tone* v. *Studin*, 148 A.D.3d 1205, 1206 (2d Dep't 2017) (finding New York tort claims regarding safety of a medical device preempted by federal law).  Fiorilla thus could have, and should have, made this argument during the nearly four years this matter was pending in the courts of New York State.  Since he failed to do so, it is barred by *res judicata* and may not be litigated here.

But even if the argument were not barred, Fiorilla's claim that the New York courts' actions conflict with the FAA are simply wrong. Fiorilla asserts that the New York courts cannot vacate awards, but may only remand to an arbitral panel for further consideration. (Opp. 12.) For this proposition Fiorilla cites 9 U.S.C. § 11—which deals with *modifying or correcting* an award, not vacating it—and CPLR § 7511(d), which says that a New York court *may* order a rehearing before the arbitral panel upon vacating an award. Fiorilla's brief does not explain how these provisions create a requirement that New York courts *must* remand for further consideration by the arbitrators upon *vacating* an award. Similarly unavailing is Fiorilla's claim that Citi waived any ability to seek court intervention by participating in the arbitration. (Opp. 13-14.) The authority cited by Fiorilla states that a party may not contest the validity of an agreement to arbitrate after participating in arbitration, (*see* CPLR § 7511(b),) but that has never been at issue here. In this case, Citi acknowledged that there was an agreement to arbitrate, which was later overtaken by Fiorilla's subsequent agreement—via the settlement—*not* to arbitrate anymore, an agreement Justice Ramos enforced.

In sum, Fiorilla's arguments regarding any purported tension between the New York courts' decisions and the FAA are barred by *res judicata* but are, in any event, meritless even if they could be considered.

**II.     Fiorilla's Claim of Fraud Has Already Been Litigated in State Court, and Does Not Supply a Basis to End-Run *Rooker-Feldman* or *Res Judicata*.**

Fiorilla's opposition continues the campaign he began in state court of attacking the integrity of Citi's counsel, asserting that Citi's counsel misled Justice Ramos at oral argument in December 2013. Fiorilla's continued reliance on this frivolous argument is an affront to Justice Ramos (who has already ruled that he was not misled) and to the five Justices of the First Department who unanimously rejected Fiorilla's claim of fraud. Aside from its total lack of any

5

factual underpinning, Fiorilla's claim of fraud is likewise barred by *Rooker-Feldman* and *res judicata* for three reasons.

*First*, there is not, as Fiorilla suggests, an exception to the *Rooker-Feldman* doctrine for state court judgments purportedly procured by fraud. (*See* Opp. 18-19 (citing *In re Buckskin Realty, Inc.*, No. 13-40083, 2016 Bankr. LEXIS 3458, at *18 (Bank. E.D.N.Y. Sept. 23, 2016)).) As Citi explained in its opening brief, *In re Buckskin* is inapposite. As Fiorilla acknowledges, if a fraud exception to the *Rooker-Feldman* doctrine exists at all, it would not apply if the allegation of fraud itself requires a federal district court to "sit in review of the state court judgment." (Opp. 18.) That would clearly be the case here, since the New York courts have on *three* prior occasions considered and rejected Fiorilla's claim that Citi's counsel somehow misled Justice Ramos.

*Second*, Fiorilla wrongly argues that his claim of fraud "is not a claim that could have, itself, been litigated before Justice Ramos," and therefore *res judicata* should not apply. (Opp. 20.) Of course, Fiorilla's claim of fraud *was litigated before Justice Ramos* in 2016 when Fiorilla asked Justice Ramos to reconsider his prior ruling on the grounds of, among other things, a purported fraud on the court—a request Justice Ramos denied "as frivolous."[2] There was simply no fraud by Citi's counsel, as was determined by the First Department in 2015, Justice Ramos in 2016, and the First Department again in 2017.

*Third* and finally, Fiorilla argues that his (imagined) stand-alone cause of action for fraud on the court is "ripe and legally cognizable"—meaning, presumably, that it is not by barred by *Rooker-Feldman* or *res judicata*. Fiorilla concedes, however, that the harm flowing from his cause of action for fraud is that the "fraud upon the state court had the effect of causing that court to enter a judgment." (Opp. 25.) This invites a paradigmatic application of *Rooker-Feldman*.

---

[2]   *See* Exhibit A to the Declaration of Stephen B. Popernik (Dkt. 29-1) at R. 33.

6

Fiorilla also argues that his stand-alone fraud claim "does not implicate *res judicata* principles." This is simply a fiction where, as here, a claim of fraud on the court has itself already been litigated. *See Pentagen Techs. Int'l Ltd.* v. *CACI Int'l, Inc.*, 282 F. App'x 32, 34–35 (2d Cir. 2008) ("[J]ust as *res judicata* barred [plaintiff] from relitigating its underlying claims . . . [plaintiff] is now precluded from relitigating the same 'fraud on the court' claim in a second forum.").

### III.     Fiorilla's Challenge to the Anti-Suit Injunction Is Similarly Barred and Meritless.

Fiorilla's opposition brief argues that the New York state court judgments entering and affirming the anti-suit injunction were made without subject matter jurisdiction, and thus are not entitled to any *res judicata* or *Rooker-Feldman* effect. Again, this is wrong. As noted above, New York's Constitution affords the Supreme Court "general original jurisdiction in law and equity," and that tribunal plainly had subject matter jurisdiction to enjoin a litigant from frustrating a judgment on the merits. New York Const. art. VI § 7.a. Indeed, the First Department explicitly upheld Justice Ramos's authority to do just that, a conclusion supported by substantial New York authority. *Citigroup Glob. Markets, Inc.* v. *Fiorilla*, 151 A.D.3d 665, 666 (1st Dep't 2017), *leave to appeal dismissed*, 30 N.Y.3d 986 (2017) (citing *Indosuez Intl. Fin.* v. *National Reserve Bank*, 304 A.D.2d 429, 430–31 (1st Dep't 2003)); *see also, e.g.*, *GE Oil & Gas, Inc.* v. *Turbine Generation Servs., L.L.C.*, No. 652296/2015, 2016 WL 3043808 (Sup. Ct. N.Y. Cnty. May 27, 2016) (enjoining foreign proceeding that "evince[d] an utter disregard for th[e] [New York] court's authority"). With the New York courts' jurisdiction to issue the anti-suit injunction clearly established, Fiorilla is barred by both *Rooker-Feldman* and *res judicata* from relitigating an anti-suit injunction that has been affirmed by the First Department and which the Court of Appeals declined to disturb.

7

Fiorilla's attempt to cast doubt on that authority (Opp. 21-24) is a tangled mess of half-finished thoughts and observations about the role Fiorilla believes comity should have played in Justice Ramos's decision.³ But these arguments fail to recognize that New York as a sovereign has determined that whether it extends "the doctrine [of comity] lies in the sound discretion of the court." *Morgenthau* v. *Avion Res. Ltd.*, 11 N.Y.3d 383, 389–90 (2008) (quotation and citations omitted). Fiorilla's true gripe is with the New York courts' decision to exercise its discretion by enjoining him—a litigant properly before it—notwithstanding his arguments that comity should lead to a different result. Fiorilla has no right to re-litigate that issue in this Court.

### IV.     Fiorilla Lacks Standing to Sue As a Beneficiary, And Even If He Had Standing, His Claims Would Still Be Barred By *Rooker-Feldman* and *Res Judicata.*

Fiorilla's addition of claims in his personal capacity does not salvage his pleading.

*First*, Fiorilla simply lacks standing to assert claims in his individual capacity on behalf of the trust. As Citi demonstrated in its opening brief, "judges of this Court have noted that 'a plethora of cases at both the federal and state level have applied a demand requirement to trust beneficiaries seeking to bring derivative suits by stepping into the shoes of the trustee.'" (Br. 18-19 (quoting *Hildene Capital Mgmt., LLC* v. *Friedman, Billings, Ramsey Grp., Inc.*, No. 11 Civ. 5832 (AJN), 2012 WL 3542196, at *2 (S.D.N.Y. Aug. 15, 2012)). In attempting to rebut the showing that he lacks standing, Fiorilla relies on cases that are inapposite or mischaracterized.

Fiorilla begins by misrepresenting the applicability of *CFIP Master Fund Ltd.* v. *Citibank, N.A.*, 738 F. Supp. 2d 450 (S.D.N.Y. 2010) (Rakoff, J.). In that case, Fiorilla says, a

---

³ Fiorilla argues that the New York courts' injunction somehow wrongly "purports to take away the jurisdiction of foreign tribunals to decide whether or not [Justice Ramos's] own decision is preclusive." (Opp. 23 (citing this Court's decision in *Citigroup, Inc.* v. *Abu Dhabi Inv. Auth.*, No. 13 Civ. 6073 (PKC), 2013 WL 6171315, at *1 (S.D.N.Y. Nov. 25, 2013), *aff'd*, 776 F.3d 126 (2d Cir. 2015)).) This fundamentally misunderstands the distinction between preclusion and an anti-suit injunction. The preclusive effect of a prior judgment is for the second forum to decide. The power of a New York court to protect its judgment is another thing entirely. This court's decision in *Abu Dhabi Investment Authority*, which concerned the preclusive effect of the earlier of two arbitrations, is thus inapposite on these facts.

8

beneficiary "was entitled to bring suit on behalf of the trustee given the trustee's alignment with Citi"—which, Fiorilla asserts, means that Fiorilla as a beneficiary should be allowed to bring suit here. (Opp. 26.) Fiorilla's discussion ignores that *Citi was a defendant* in that case. In other words, demand was futile because the trustee had a conflict of interest by dint of its contractual arrangements with Citi, a defendant. That is nothing like the situation here, where Fiorilla as a beneficiary concedes that he is "intrinsically aligned with himself as the trustee." (Opp. 26.)

Next, Fiorilla derides Citi's argument that he lacks standing as "frivolous," (Opp. 27), and proceeds to cite a case which holds that a beneficiary may sue to *establish and enforce* a trust. (Opp. 27 (citing *McHale* v. *Boulder Capital LLC (In re 1031 Tax Grp., LLC)*, 439 B.R. 47 (Bankr. S.D.N.Y. 2010)).) But this case is not about establishing or enforcing a trust, it is about Fiorilla as a beneficiary stepping into the shoes of a trustee to sue third parties for purported damage to trust assets. *McHale* thus has no relevance here, nor does it do anything to render Citi's arguments "frivolous." Finally, Fiorilla attempts to distinguish *Noveletsky* v. *Metro. Life Ins. Co.*, No. 12 Civ. 0021, 2013 WL 2945058 (D. Me. June 14, 2013), as purportedly "wholly inapposite," because the case "hold[s] merely that as the trustee, [plaintiff] Heaney had standing to sue." (Opp. 27.) That is simply not an accurate characterization of *Novoletsky*, which held that, where "the interests of [the trustee] and [the beneficiary] are aligned," the trustee, "*but not* [the beneficiary], should be recognized as having standing to sue on behalf of the Trust." *Noveletsky*, 2013 WL 2945058, at *23 (emphasis added). Applying this rule, the *Noveletsky* court did not, as Fiorilla claims, merely uphold a trustee's standing, but rather it *dismissed* a beneficiary's claim for *lack* of standing. *See id.* at *24 ("The plaintiffs, whose burden it is to prove [the beneficiary's] standing … have fallen short of doing so."). Fiorilla thus utterly fails to

9

rebut Citi's demonstration that he lacks standing as a beneficiary to step into the shoes of the trustee and assert the trust's claims in connection with trust assets.

*Second*, even if he had standing, Fiorilla's eleventh-hour addition of individual claims does not allow him to evade *Rooker-Feldman* or *res judicata*. Contrary to Fiorilla's suggestion, Judge Marrero's decision in *Glatzer* v. *Barone*, 614 F. Supp. 2d 450 (S.D.N.Y. 2009), does nothing to support his position. (Opp. 27.) The discussion of *Rooker-Feldman* in *Glatzer* is dictum on the nature of the party-identity requirement, intended to "leave[] . . . for another day" the issue of whether there need be identity of *defendants* between the state and federal actions. *Id.* at 470; *see id.* at 468 ("A requirement of identity of all parties in both proceedings invites questions as to the legal reason why the state court defendant would always need to be named in the subsequent federal action."). Nothing in Judge Marrero's opinion suggests that a federal *plaintiff* can hurdle the *Rooker-Feldman* bar by using the legal fiction of bringing suit in another capacity—a result which would, as Judge Marrero cautioned against, "enable the losing state court litigant to avoid the application of *Rooker-Feldman* in the subsequent federal proceedings simply by means of 'clever pleading.'" *Id.* at 468. And Fiorilla's conclusory, one sentence *ipse dixit* that as a beneficiary he is not barred by *res judicata* (Opp. 29) does not acknowledge the privity between beneficiary and trustee, or refute the rule that "a beneficiary is bound by a judgment properly maintained or defended by an executor, administrator, or trustee." *Shaw Family Archives Ltd.* v. *CMG Worldwide, Inc.*, No. 05 Civ. 3939 (CM), 2008 WL 4127830, at *9 (S.D.N.Y. Sept. 2, 2008) (internal quotation omitted) (collecting cases).

## CONCLUSION

For the reasons set forth herein and in Citi's opening brief, Fiorilla's Complaint should be dismissed in its entirety and with prejudice. Citi reserves all rights to seek sanctions, attorneys' fees, and such other relief as the Court may deem proper.

10

Dated: New York, New York
January 12, 2018

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:     /s/ Audra J. Soloway
       Audra J. Soloway (asoloway@paulweiss.com)
       Jeffrey Newton (jnewton@paulweiss.com)
       Stephen Popernik (spopernik@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019-6064
(212) 373-3000

*Attorneys for Defendants Citigroup Global Markets, Inc. and Edward James Mulcahy, Jr.*