UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JOHN LEOPOLDO FIORILLA, Individually and
as Trustee FBO John Leopoldo Fiorilla Trust
U/A/D 06-25-2003,

                      Plaintiff,                17-cv-5123 (PKC)

      -against-                       OPINION
                                         AND ORDER

CITIGROUP GLOBAL MARKETS, INC. and
EDWARD JAMES MULCAHY, JR.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

           Plaintiff John Leopoldo Fiorilla brings this action individually and in his capacity as trustee of the John Leopoldo Fiorilla Trust.  In 2010, Fiorilla commenced arbitration proceedings against defendants Citigroup Global Markets, Inc. and one of its employees, Edward James Mulcahy, Jr. (collectively, "CGMI"), asserting that their mismanagement and malfeasance "eviscerated" an investment account that he opened with them in 2006.

           An arbitration panel issued an award in Fiorilla's favor (the "Award"), but upon application from CGMI, the New York Supreme Court, New York County, vacated the Award on grounds of manifest disregard for the law.  It concluded that the parties had agreed to a final settlement prior to the arbitration hearing, which the arbitrators disregarded without explanation.  Fiorilla then brought an ex parte proceeding before a tribunal in France, which recognized the Award.  On CGMI's motion, the New York Supreme Court issued a worldwide anti-suit injunction against the Award's enforcement, indicating that Fiorilla's action before the French tribunal was inconsistent with "respect for law."

The Second Amended Complaint (the "Complaint") bring two counts of declaratory judgment and asserts a claim of "Fraud/Fraud on Courts."  Fiorilla seeks a declaration that the state court's rulings were beyond its jurisdiction and to lift the anti-suit injunction that the state court issued against enforcement of the Award.

CGMI has moved to dismiss this action pursuant to Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P.  For reasons that will be explained, this Court concludes that it does not have subject-matter jurisdiction over Fiorilla's claims, which fall squarely within the Rooker-Feldman doctrine.  See generally Sykes v. Mel S. Harris & Assocs. LLC, 780 F.3d 70, 94 (2d Cir. 2015).  CGMI's motion to dismiss pursuant to Rule 12(b)(1), Fed. R. Civ. P., is therefore granted.  Because the Court does not have subject matter jurisdiction, it does not reach the other arguments raised by CGMI.

BACKGROUND.

A.  The Parties' Arbitration Proceedings.

Fiorilla describes himself as an "unsophisticated" investor who, in 2006, retained CGMI to manage his life savings, which were estimated to be worth as much as $19,500,000.  (Compl't ¶ 39.)  Fiorilla alleges that through mismanagement and malfeasance, CGMI "eviscerated" his savings, resulting in their value dropping to just $20,000.  (Compl't ¶ 41.)

The parties had entered into an arbitration agreement governed by FINRA rules and procedures.[1]  (Compl't ¶ 40.)  In August 2010, Fiorilla commenced a FINRA arbitration against CGMI.  (Compl't ¶¶ 6, 42.)

In April 2012, shortly before arbitration proceedings were scheduled to commence, Fiorilla's attorney agreed to a settlement offer from CGMI in the amount of

---

[1] FINRA stands for the Financial Industry Regulation Authority.  It is a non-governmental organization that sets certain rules for broker-dealers.  See https://www.finra.org/about

$800,000, subject to agreement on additional terms and a written agreement.  (Compl't ¶ 44.)

Fiorilla alleges that, at that time, the parties had no more than an agreement in principle.

(Compl't ¶ 45.)  He alleges that the parties had not agreed to all material terms and that the

agreement had not been reduced to writing.  (Compl't ¶ 50.)  Counsel to CGMI notified the

arbitration panel in writing that a settlement had been reached, but on May 9, 2012, Fiorilla

instructed his attorneys that the claim had not settled and should proceed to arbitration.  (Compl't

¶¶ 46-48.)

CGMI made an application to the arbitration panel to enforce the purported

settlement agreement, which the panel denied, and arbitration proceedings began in October

2012.  (Compl't ¶¶ 51-54.)  In February 2013, CGMI made a motion to terminate the arbitration

proceedings based on the settlement agreement, which the arbitration panel denied.  (Compl't ¶¶

55-56.)  On July 30, 2013, the arbitration panel issued the Award, which awarded Fiorilla

$10,750,000 against CGMI and $250,000 against Mulcahy, plus interest.  (Compl't ¶¶ 14, 60;

Docket # 29-2 at 8-15.)

B.  CGMI's Successful Motion to Vacate.

On August 28, 2013, CGMI filed a petition to vacate the Award in the New York

Supreme Court, New York County.  (Compl't ¶ 61.)  Among other things, it argued that the

arbitrators acted in manifest disregard of the law when they held hearings and issued an Award

despite the parties' agreement to a valid and enforceable final settlement.  (Docket # 29-2 at 76-

100.)  It argued that Fiorilla had unambiguously agreed to the settlement, which "terminated

FINRA's powers to decide the case," and that his subsequent change of heart did not invalidate

the agreement.  (Id. at 97-100.)

Justice Charles E. Ramos of the Commercial Division of the Supreme Court of the State of New York, New York County, vacated the Award in a two-page written order. (Docket # 29-1 at 29-30.)  He concluded that the dispute had settled, and that the parties had informed the panel and FINRA of the settlement in writing.  (Id.)  Justice Ramos concluded that by going forward with the proceedings and issuing the Award, the panel failed to follow FINRA rules and acted in manifest disregard of the law.  (Id.)

The New York Appellate Division, First Department, affirmed, and concluded that the arbitration panel had acted in manifest disregard of the law by failing to enforce the parties' settlement agreement without explanation.  Citigroup Global Markets Inc. v. Fiorilla, 127 A.D.3d 491 (1st Dep't 2015), leave to appeal denied, 26 N.Y.3d 908 (2015).

The Complaint explains at length the purported infirmities of the state court's decision, which, Fiorilla alleges, disregarded FINRA's authority.  (Compl't ¶¶ 31-35.)

### C.  Fiorilla's Legal Proceeding in France.

After the initial proceedings in the New York Supreme Court, Fiorilla successfully brought an ex parte application to confirm the Award before the Tribunal de Grande Instance de Paris (the "Tribunal") in France.  (Compl't ¶¶ 36, 75.)  Fiorilla explains that he is a dual citizen of the United States and the European Union.  (Compl't ¶ 36.)  In March 2016, the Tribunal "recognized and enforced the award," based on French law and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards.  (Compl't ¶¶ 36, 76.)

Fiorilla then brought a motion in the New York Supreme Court to vacate the prior judgment against him, and CGMI moved for an anti-suit injunction as to the Award's enforcement.  (Compl't ¶ 77.)  Justice Ramos denied Fiorilla's motion to vacate as "frivolous." (Docket # 29-1 at 13.)  At a hearing, he characterized Fiorilla's applications before the French

Tribunal as "seeking to make a mockery out of our court system" and indicated that Fiorilla's conduct was contrary to "respect for law . . . ." (Id. at 16-17.)  He granted CGMI's application for a worldwide anti-suit injunction against Fiorella, as directed toward any attempt to enforce the Award.  (Id. at 22.)

The First Department affirmed, noting that Fiorilla's motion to vacate judgment was untimely.  Citigroup Global Markets v. Fiorilla, 151 A.D.3d 665, 666 (1st Dep't 2017).  It also affirmed the anti-suit injunction against Fiorilla as consistent with the interest of protecting the New York judgment.  Id.  The First Department also concluded that Fiorilla brought the French proceedings in bad faith, noting that he never informed the Tribunal of the Award's vacatur in New York and that the French proceedings had been brought ex parte.  Id. at 665-66.  Hence, the Supreme Court "properly declined to apply the doctrine of comity to the French court's recognition of the vacated award."  Id. at 666.

The New York Court of Appeals denied Fiorilla's application for leave to appeal. 30 N.Y.3d 86 (2017).

D.  The Current Action.

Fiorilla commenced this action on April 19, 2017.  (Docket # 1.)  The Complaint invokes federal question jurisdiction under the Federal Arbitration Act and alleges complete diversity.  (Compl't ¶¶ 26.)  Count One seeks "a declaratory judgment holding that the New York Supreme Court's decision and order regarding the existence and terms of a settlement are *ultra vires*, untimely, and preempted by the FAA . . . ."  (Compl't ¶ 84.)  Count Two seeks a declaratory judgment that would lift the Supreme Court's anti-suit injunction against enforcing the Award and "recogniz[e] the enforceability" of the French Tribunal's order.  (Compl't ¶ 92.) Count Three is labeled as a claim of "Fraud/Fraud on the Courts."  (Compl't ¶¶ 93-102.)  Fiorillo

alleges a "fraudulent scheme" by defendants to belatedly challenge the arbitrators' jurisdiction

and make factual misrepresentations to the New York Supreme Court.  (Compl't ¶¶ 93-102.)

RULE 12(b)(1) STANDARD.

Dismissal of a suit under Rule 12(b)(1) is proper "when the district court lacks the

statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113

(2d Cir. 2000).  In adjudicating a Rule 12(b)(1) motion, a court may look to evidence outside the

pleadings.  McKithen v. Brown, 481 F.3d 89, 95-96 (2d Cir. 2007).  The Court construes the

Complaint in favor of the plaintiff and accepts all factual allegations as true.  Donoghue v.

Bulldog Inv'rs Gen. P'ship, 696 F.3d 170, 173 (2d Cir. 2012).  A district court has the obligation

to determine whether it has subject matter jurisdiction before considering any Rule 12(b)(6)

arguments that a defendant has raised.  United States v. Bond, 762 F.3d 255, 263 (2d Cir.2014)

THE ROOKER-FELDMAN DOCTRINE BARS FIORILLA'S CLAIMS.

The Rooker-Feldman doctrine bars claims "'brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments.'"

Sykes, 780 F.3d at 94 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280,

284 (2005)).  A defendant invoking the Rooker-Feldman bar "must satisfy the following four

requirements: First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff

must complain of injuries caused by a state-court judgment.  Third, the plaintiff must invite

district court review and rejection of that judgment.  Fourth, the state-court judgment must have

been rendered before the district court proceedings commenced."  Id. (quotation marks omitted).

A federal district court does not have subject matter jurisdiction over a claim that

falls within Rooker-Feldman.  See, e.g., Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d

423, 427 (2d Cir. 2014) ("The Rooker-Feldman doctrine pertains not to the validity of the suit

but to the federal court's subject matter jurisdiction to hear it.").  "Underlying the Rooker-

Feldman doctrine is the principle, expressed by Congress in 28 U.S.C. § 1257, that within the

federal judicial system, only the Supreme Court may review state-court decisions."  Hoblock v.

Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005).

   Fiorilla's claims fall squarely within the Rooker-Feldman doctrine, and this Court

does not have subject matter jurisdiction over them.  The Complaint expressly invites this Court

to review and reject the judgments of the New York Supreme Court, and, on its face, makes

allegations that comfortably meet the four-prong Rooker-Feldman test.  Sykes, 780 F.3d at 94.

   First, the Complaint identifies Fiorilla as the loser in state court.  Id.  The state

court vacated the Award, and, after the decision of the French Tribunal, granted CGMI's motion

for a global anti-suit inunction to enjoin further actions enforcing the Award.  (Compl't ¶¶ 19,

72, 78.)

   Second, the Complaint is premised on injuries caused by the state court's

judgments.  Sykes, 780 F.3d at 94.  It alleges that when the state court vacated the Award instead

of adopting the "legitimate and proper remedy" of remanding to the arbitrators, its order

deprived Fiorilla of $11 million.  (Compl't ¶¶ 3, 21, 72.)  It alleges that by issuing an anti-suit

injunction against enforcement of the Award, the state court "deprive[d] Plaintiff of his right to

the FINRA award . . . ."  (Compl't ¶ 77.)  It alleges that through its "fraudulent scheme," CGMI

launched a collateral attack on the Award in state court, and misled Justice Ramos into vacating

the Award.  (Compl't ¶¶ 93-102.)  All injuries described in the Complaint are derived from the

state court's judgments.

Third, the relief that Fiorilla seeks is directed entirely toward this Court's "review and rejection" of the state court's judgments. Sykes, 780 F.3d at 94. Count One "seeks a declaratory judgment holding that the New York Supreme Court's decision and order regarding the existence and terms of a settlement are *ultra vires*, untimely, and preempted by the FAA because the New York Supreme Court did not have jurisdiction or authority to (i) vacate a FINRA arbitration award on the basis of a purported settlement agreement during FINRA arbitration, or (ii) decide the existence and terms of a purported settlement agreement that is subject to FINA's arbitral jurisdiction." (Compl't ¶ 84.) It also seeks "an order lifting the vacatur and enforcing the FINRA award" and requiring any further matters to "be remanded to FINRA . . . ." (Compl't ¶ 85.)

Count Two seeks "a declaratory judgment (1) lifting the New York Supreme Court's world-wide anti-suit injunction, and (2) recognizing the enforceability of the Judgment of the Tribunal de Grande Instance de Paris." (Compl't ¶ 92.)

Count Three, labeled "Fraud/Fraud on the Courts," argues that CGMI made false representations and omissions to Justice Ramos, including misrepresentations about the terms of the parties' purported pre-arbitration settlement and the effect of a Florida disciplinary proceeding that Fiorilla brought against his counsel at arbitration. (Compl't ¶¶ 94-98.) Justice Ramos considered and rejected these arguments when Fiorella moved to vacate judgment after the decision of the French Tribunal. (Docket # 29-1 at 4-22.)

The relief sought in all three claims requires the "review and rejection" of the state court judgment. Sykes, 780 F.3d at 94. Rooker-Feldman precludes a federal court from reviewing state proceedings and determining whether a judgment was issued in error. Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 427 (2d Cir. 2014). This is true

even when a plaintiff invokes the specter of fraud in the state court judgment.  See id.; accord

Brown v. Wells Fargo Bank, N.A., 605 Fed. App'x 58, 59 (2d Cir. 2015) ("To the extent that

Brown requests the federal court to return his property to him because the foreclosure judgment

was obtained fraudulently, Rooker-Feldman bars his claim.").  Based on the text of the

Complaint, Fiorilla's action necessarily requires review and rejection of the state court's

judgment.

Fourth, the state-court judgments at issue were filed prior to the commencement

of this action.  Sykes, 780 F.3d at 94.  This action was commenced on July 7, 2017.  (Docket #

1.)  The state court vacated the Award in an Order dated January 2, 2014 and final judgment was

entered on May 12, 2014.  (Docket # 29-1 at 30; Docket # 29-3 at 78.)  It orally denied Fiorilla's

motion to vacate judgment and granted CGMI's motion for entry of the anti-suit injunction on

October 11, 2016, and issued a written Order to the same effect on January 19, 2017.  (Docket #

29-1 at 3-23, 29-5 at 71.)  Fiorilla filed his notice of appeal to the First Department no later than

February 2, 2017.  (Docket # 29-5 at 72.)

In arguing that the Rooker-Feldman bar should not apply, Fiorilla argues that

Justice Ramos acted contrary to the FAA and New York law, and "strip[ped]" the arbitrators of

their jurisdiction.  (Opp. Mem. at 12-18.)  He urges, in effect, that the policy goals of the FAA

create an exemption to Rooker-Feldman if a state court has usurped the arbitrators' authority.  As

support, he cites to portions of the Bankruptcy Code and 28 U.S.C. § 2254, which provide

limited circumstances in which federal district courts may review and alter state court judgments.

See In re Gruntz, 202 F.3d 1074, 1079 (9th Cir. 2000) (observing that Rooker-Feldman does not

limit review of section 2254 petitions and that provisions of the Bankruptcy Code authorize

bankruptcy courts to discharge state judgements).  There is no such provision in the FAA, however, and Fiorilla's disagreement with the state court is not a basis to create one.

He also argues that this Court should recognize a fraud exception to <u>Rooker</u>-<u>Feldman</u>.  He points to a decision that observed in dictum that such an exception might be recognized where a plaintiff seeks money damages and does not seek to overturn a state court's judgment.  <u>In re Buckskin Realty Inc.</u>, 2016 WL 5360750, at *5 (Bankr. E.D.N.Y. Sept. 23, 2016).  Assuming <u>arguendo</u> that such an exception exists – a proposition that <u>Vossbrinck</u> appears to foreclose – it would not apply here, because Fiorilla seeks to overturn a judgment of the state court.  Further, Fiorilla's "fraud" claim appears to merely recycle arguments that were considered and rejected by Justice Ramos when Fiorilla moved to vacate judgment following the French Tribunal's ruling.  While the Court need not address the merits of the fraud claim, Fiorilla principally asserts that CGMI misrepresented the effect of a decision in the Florida disciplinary proceeding that he brought against his arbitration counsel, and that CGMI misleadingly attacked the arbitrators' jurisdiction.  (Compl't ¶¶ 93-102.)  These arguments were considered and rejected by Justice Ramos and the First Department.[2]  Fiorilla cannot avoid the <u>Rooker</u>-<u>Feldman</u> bar by repackaging his collateral attack on the decisions of the state court as a claim sounding in "fraud."

For the foregoing reasons, the Court concludes that the <u>Rooker</u>-<u>Feldman</u> doctrine bars Fiorilla's claims.  The motion to dismiss pursuant to Rule 12(b)(1) is therefore granted.

---

[2] In denying Fiorilla's application, Justice Ramos stated, among other things, that "you argued those issues in front of me and you lost. . . .  When you litigate a case, you don't leave something for later to say, 'Judge, there's something more.'  No.  You bring everything before the Court.  You have one opportunity litigate, and we give you a shot at it and we give you what we hope is a fair shot. . . .  I am really astonished at this application.  The application is denied as frivolous."  (Docket # 29-1 at 8, 11, 13.)

Because the Court does not have subject matter jurisdiction over this case, it does not address defendants' remaining arguments.

CONCLUSION.

Defendants' motion to dismiss pursuant to Rule 12(b)(1) is GRANTED.  (Docket # 27.)  The Clerk is directed to terminate the motion, enter judgment for defendants and close the case.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated:  New York, New York
        June 25, 2018